UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAREN L. CAMPBELL

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 04-2555

JUDGE HICKS
**REFERRED TO:
MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

**Introduction**

Karen Campbell ("Plaintiff") applied for SSI based on an allegation that she became disabled in 1998 due to back problems, fibromyalgia and mental health problems. Plaintiff, who graduated from high school, has two years of college education and past work experience as a casino hostess and beautician, was 45 years old when ALJ Larry Butler denied her claim. The Appeals Council denied a request for review, and Plaintiff filed this civil action seeking the limited judicial relief permitted by 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the case was referred to the undersigned for decision and entry of judgment.

**Summary of the ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 416.920 and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff had not engaged in substantial gainful activity since her alleged onset

date (step one). He then reviewed the medical evidence and found that Plaintiff had a history of major depression, alcohol abuse in remission, personality disorder with dependent features and back pain, impairments that are severe (step two) within the meaning of the regulations but not severe enough to meet or equal a listed impairment (step three).

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform the exertional demands of medium work, reduced by a moderate inability to maintain social functioning during periods of heightened depression, approximately one week per year. He posed interrogatories to a vocational expert ("VE"), who opined that a person with Plaintiff's RFC and other vocational factors could perform Plaintiff's past work as a hostess or cosmetologist. The ALJ accepted that assessment and found at step four that Plaintiff was not disabled. He then made an alternative step five decision that Plaintiff could perform other jobs identified by the VE.

**Issues on Appeal**

Plaintiff lists in her memorandum three errors: (1) the ALJ's hypothetical question to the VE failed to consider all mental health limitations; (2) the VE's understanding of "moderate limitation" was incorrect; and (3) the ALJ was wrong to find that Plaintiff does not meet listing 12.04 (affective disorders).

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Hypothetical Question**

The Fifth Circuit permits consideration of the opinion of a VE at step four. Joseph-Jack v. Barnhart, 80 Fed. Appx. 317, 318 (5th Cir. 2003). Reversal may be required, however, if the ALJ poses a defective hypothetical question to the VE. "Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand." Bolling v. Shalala, 36 F.3d 431, 436 (5th

Cir. 1994). See also Boyd v. Apfel, 239 F.3d 698, 707 (5th Cir. 2001).

Plaintiff's first attack on the question to the VE notes that the RFC employed in the question included the qualification that a person's inability to maintain social functioning during heightened periods of depression happens "approximately one week per year." That aspect of the RFC is included in the findings portion of the ALJ's written decision. Tr. 22. In the body of the decision, however, there is an obvious mistake of some sort because the limitation is described as "approximately one per week." Tr. 19. The mistake does not require judicial relief. The record of the supplemental hearing shows that counsel for Plaintiff understood that the ALJ found that the inability occurred approximately one week per year.

Plaintiff also argues that the question did not include all limitations because the ALJ did not specifically discuss some recent medical evidence. This argument is related to the Appeals Council's remand of an earlier decision with instruction that the ALJ, among other things, obtain updated information about Plaintiff's mental health. Plaintiff complains that the ALJ nonetheless relied primarily upon pre-remand medical information and did not specifically discuss more recent evidence found in exhibits B11 F and B12 F. The records at B11 F relate to Plaintiff's hospitalization for four days in October 2003 because Plaintiff complained of recurrent nightmares related to her PTSD (which stems from being raped and tortured at the age of 21 by a Satan worshiper). Plaintiff was given medication, slept well the first night and was discharged in stable condition. Tr. 382-83. Exhibit B12 F includes

a letter from psychiatrist Sofya Rubinchik, who wrote: "Due to [Plaintiff's] paranoia of others, she has difficulty working with people. Her chronic depression, resistence to treatment, recurrent suicidal thoughts, mood swings and difficulty with sleep also limit her ability to function." Tr. 384. The ALJ did not specifically refer to those items, but he did write that his RFC was determined after "considering the complete record," and the Appeals Council was apparently satisfied that the ALJ complied with the earlier remand order. The more recent evidence, though of benefit to Plaintiff, does not deprive the ALJ's RFC of substantial evidence and is not so significant as to require remand for specific discussion of the evidence in a written decision. Plaintiff does not otherwise attack the RFC assessment made by the ALJ.

**Definition of Moderate**

The RFC included a reduction by a "moderate" inability to maintain social functioning during heightened periods of depression, approximately one week per year. The VE testified at the supplemental hearing that she considered a moderate limitation to mean the person is still able to do the tasks of the job, but they may not be an overachiever or top salesperson; they are merely performing adequately. Tr. 467. Plaintiff argues that moderate is not specifically defined in the regulations but should mean that there is more than a minimal limitation in the ability to do a basic work activity.

The precise definition of moderate need not be resolved in this case because the result would not change even if Plaintiff's suggested definition were employed. The moderate

limitation at issue was found to arise only about one week per year. The VE testified that a person could completely miss about one week of work per year due to medical problems and still be considered employable. Tr. 468. Thus, whether Plaintiff is able to work at a mere adequate level during her one week per year of heightened depression or whether she is wholly incapable of working that one week per year would not change the VE's testimony.

**Listing 12.04**

The required level of severity to meet listing 12.04 requires satisfaction of specific requirements of both paragraphs A and B, or satisfaction of the requirements in paragraph C. The ALJ discussed whether Plaintiff met the paragraph B criteria and found that she did not. Tr. 18-19. He did not discuss paragraphs A or C, which Plaintiff suggests "are probably met." Plaintiff bases her argument solely on the information found in Dr. Rubinchik's letter at Tr. 384. But Plaintiff does not articulate which of the several subsections of paragraphs A and C she believes she meets or what aspects of Dr. Rubinchik's letter prove that such aspects of listing are met.

Plaintiff has not challenged the ALJ's decision that she does not meet paragraph B, so she can satisfy the listing only if she meets the requirements of paragraph C. Plaintiff has not identified repeated episodes of decompensation, each of extended duration [which is defined in Listing 12.00(C)(4)]. And she has no history of inability to function outside a highly supportive living arrangement. Finally, there is no compelling evidence that even a

minimal increase in mental demands or change in environment would cause her to decompensate. No remand is required with respect to this issue.

**Conclusion**

The Commissioner's decision is supported by substantial evidence, and none of the issues raised on appeal require judicial intervention. A judgment affirming the Commissioner's decision will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 23rd day of March, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE